## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| _____ ) | | |
| GREGORY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-0161 (ABJ) |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ ) | | |

### <u>MEMORANDUM OPINION</u>

Plaintiff Gregory Smith has brought this action against the District of Columbia, the District of Columbia Department of Corrections, Warden William J. Smith, and unknown employees of the Department of Corrections, alleging that defendants unlawfully detained plaintiff in the District of Columbia Jail from March 18, 2014 to April 10, 2014, after he had been ordered to be released.  Compl. [Dkt. # 1-1].  He asserts Fifth and Fourteenth Amendment claims pursuant to 42 U.S.C. § 1983, as well as claims for false imprisonment and negligence.  Compl. ¶¶ 27–43. Defendant Warden Smith has moved to dismiss the claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6).  Def. William J. Smith's Mot. to Dismiss [Dkt. # 19] ("Def.'s Mot.").[1] Because the Court finds that plaintiff has failed to allege any facts that would support a plausible claim against the warden, individually or in his official capacity, the Court will grant the motion and dismiss defendant Smith from this case.  The Court notes, though, that the District of Columbia is still a party to this matter, and plaintiff's claims against the District will proceed.

_____

1    The District of Columbia has filed an answer and has not moved to dismiss any of plaintiff's claims.  Answer [Dkt. # 4].  On February 27, 2015, the parties jointly stipulated to the dismissal of all claims against the Department of Corrections.  Stipulation of Dismissal [Dkt. # 7].

## BACKGROUND

On March 15, 2014, plaintiff was arrested in the District of Columbia and held at the District of Columbia Jail.  Compl. ¶¶ 6, 17–18.  On March 18, 2014, a judge of the Superior Court ordered that plaintiff be released from custody.  *Id.* ¶ 18.  However, plaintiff was not freed until April 10, 2014, after a hearing in which the same Superior Court judge was compelled to order again that plaintiff be released.  *Id.* ¶ 19.  Plaintiff alleges that he repeatedly told the corrections officers at the jail that his release had been ordered by the Superior Court, and he demanded to be released, but these demands were ignored.  *Id.* ¶ 20.  One unidentified corrections officer allegedly told plaintiff, "[i]f you're here, they know you're here and you're supposed to be here."  *Id.*

Plaintiff alleges that he was imprisoned in a cell with "a dangerous prisoner who, upon information and belief, had been found guilty of possession of a loaded fire arm and possession of narcotics with an intent to distribute."  Compl. ¶ 22.  He also states that he was terminated from his job as a result of the overdetention.  *Id.* ¶ 24.  The charges against plaintiff were dismissed on September 8, 2014.  *Id.* ¶ 23.

Plaintiff initiated this action in Superior Court on November 14, 2014, and it was removed to this Court on February 2, 2015.  Notice of Removal [Dkt. # 1] ¶ 1.  Plaintiff brings three counts against all defendants:  claims under 42 U.S.C. § 1983 for violations of the Fifth and Fourteenth Amendments (Count I); False Imprisonment (Count II), and Negligence (Count III).  Compl. ¶¶ 27–43.  On August 14, 2015, defendant Smith filed the pending motion to dismiss, Def's Mot.; Mem. of P. & A. in Supp. of Def.'s Mot. [Dkt. # 19] ("Def.'s Mem."), and plaintiff opposed the motion on August 31, 2015.  Pl.'s Mem. of Opposing P. & A. to Def.'s Mot. [Dkt. # 20] ("Pl.'s Opp.").  On October 2, 2015, with leave of Court, *see* Min. Order (Oct. 2, 2015), defendant Smith filed a reply in support of his motion.  Def.'s Reply to Pl.'s Opp. [Dkt. # 22] ("Def.'s Reply").

## STANDARD OF REVIEW

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*, citing *Twombly*, 550 U.S. at 556.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*, quoting *Twombly*, 550 U.S. at 556.  A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.*, quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, citing *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed liberally in the plaintiff's favor, and the Court should grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.  *See id.*; *see also Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

## ANALYSIS

**I.     Plaintiff's official-capacity claims against defendant Smith are duplicative of his claims against the District of Columbia.**

Plaintiff sues defendant Smith in both his individual and official capacity.  *See* Caption, Compl., at 1.  Defendant Smith has moved to dismiss the official-capacity claims against him as duplicative of plaintiff's claims against the District of Columbia.  Def.'s Mem. at 3–4.  In his opposition, plaintiff states that he "agrees with Defendant Smith that the official capacity suit against him is duplicative of the claim against the District of Columbia." Pl.'s Opp. at 4 n.1.  Thus, plaintiff has conceded this point, and his official-capacity claims against defendant Smith will be dismissed. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"), quoting *Monell v. N.Y. City Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978); *see also Price v. District of Columbia*, 545 F. Supp. 2d 89, 93 (D.D.C. 2008) (dismissing constitutional and tort claims against defendant warden in his official capacity as "duplicative of the claims lodged against the District of Columbia").

**II.    Plaintiff has failed to state a plausible claim against defendant Smith in his individual capacity.**

Defendant Smith has also moved pursuant to Rule 12(b)(6) to dismiss the individual-capacity claims against him, resting almost exclusively on the argument that "Plaintiff does not allege that Defendant Smith was the Warden at the time of his alleged over-detention."  Def.'s Mem. at 4; *see also* Def.'s Reply at 2 ("Plaintiff's Complaint fails to allege that Defendant Smith was the Warden at the time of Plaintiff's alleged over-detention or otherwise plead facts to show that he bears personal responsibility for the claims raised against him.").  Plaintiff maintains that defendant Smith is improperly asking the Court to "look beyond the factual allegations contained

in the Complaint" by accepting his representation that he was not the warden at the time plaintiff was detained.  Pl.'s Opp. at 5.

Plaintiff is correct that it would be improper for the Court to treat defendant's representation as fact in resolving a Rule 12(b)(6) motion to dismiss, since the Court is limited at this stage to assessing the sufficiency of the factual matter contained in the complaint.  *See Iqbal*, 556 U.S. at 678.  But there is a distinction between the Court making a factual finding of whether defendant Smith was the warden in March and April of 2014, and the Court observing that such a factual allegation is absent from the complaint.  Plaintiff does allege that defendant Smith "is" the warden at the D.C. Jail, and he claims that Smith "is" responsible for overseeing the corrections officers, establishing customs, policies, and practices, and supervising inmate releases.  Compl. ¶¶ 9, 12.  But he does not allege that defendant Smith "was" the warden during the relevant time period, and none of the other factual allegations relating to plaintiff's overdetention pertain specifically to actions taken by the defendant himself during the time period in question.  This omission is fatal to plaintiff's individual-capacity claims against defendant Smith.

And in any event, even if the Court were to construe the complaint as alleging that defendant Smith was the responsible official at the time of plaintiff's alleged overdetention, plaintiff has still failed to state a plausible claim against him.  Therefore, the motion to dismiss the individual-capacity claims will be granted.

### A.      Plaintiff's section 1983 claims against defendant Smith will be dismissed.

In Count I, plaintiff alleges that defendant Smith violated 42 U.S.C. § 1983 and deprived him of his Fifth and Fourteenth Amendment due process rights by detaining him after he was ordered released.  Compl. ¶¶ 27–34.  Because the Court finds that plaintiff has failed to state a plausible claim against defendant Smith for any constitutional violation, Count I will be dismissed.

1.      **The Fourteenth Amendment does not apply to defendant Smith because he is an employee of the District of Columbia.**

First, defendant Smith moves to dismiss that portion of plaintiff's section 1983 claim that is premised on the Fourteenth Amendment on the grounds that "the Fourteenth Amendment applies only to the States; it does not apply to the Federal Government or the District of Columbia or its employees." Def.'s Mem. at 3.  Plaintiff appears to concede this point, when he argues that Count I should nevertheless survive because his section 1983 claim is based on the Fifth Amendment, in addition to the Fourteenth.  Pl.'s Opp. at 3–4.  But to the extent that plaintiff did not concede this issue, dismissal of the Fourteenth Amendment aspect of his section 1983 claim is warranted, because "the Fourteenth Amendment does not apply to the District of Columbia or its officials/employees." *Robinson v. District of Columbia*, 736 F. Supp. 2d 254, 260 (D.D.C. 2010), citing *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

2.      **Plaintiff has failed to plead facts sufficient to show that defendant Smith was individually responsible for the Fifth Amendment violations of which he complains.**

In Count I, plaintiff also alleges that defendant Smith deprived him of his Fifth Amendment due process rights in violation of 42 U.S.C. § 1983.  Compl. ¶¶ 27–34.  Section 1983 creates a private cause of action against a "person" who violates an individual's constitutional rights while acting "under color of any statute, ordinance, regulation, custom, or usage" of any state or the District of Columbia.  42 U.S.C. § 1983.  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.  "Only those who cause a violation of a right secured by the Constitution are liable." *Elkins v. District of Columbia*, 690 F.3d 554, 564 (D.C. Cir. 2012), citing *Iqbal*, 556 U.S. at 676.

Plaintiff has not pled any facts showing that defendant Smith was personally involved in plaintiff's alleged overdetention.  He merely alleges that defendant "is, upon information and belief, responsible for the correction officers at the D.C. jail," that he "is also . . . responsible for establishing the customs, policies, and practices of the D.C. jail," and "is the responsible official for all activities, including inmate release," at the jail.  Compl. ¶¶ 9, 12.  Not one of these facts demonstrates that defendant Smith played an individual role in the events of plaintiff's detention in March and April of 2014, or that he personally deprived plaintiff of his Fifth Amendment rights.  Thus, the complaint fails under Rule 12(b)(6) to plausibly allege that defendant Smith "cause[d] a violation of a right secured by the Constitution," *Elkins*, 690 F.3d at 564, "through [his] own individual actions."  *Iqbal*, 556 U.S. at 676.

To the extent that plaintiff seeks to hold defendant Smith liable for the unconstitutional actions or omissions of his subordinates – here, the unnamed corrections officers – on a theory of *respondeat superior* or supervisory liability, he cannot do so.  Even assuming that the unnamed corrections officers committed a constitutional violation, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  *Iqbal*, 556 U.S. at 676.  "A supervisor who merely fails to detect and prevent a subordinate's misconduct, therefore, cannot be liable for that misconduct."  *Int'l Action Ctr. v. United States*, 365 F.3d 20, 28 (D.C. Cir. 2004).  Rather, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see."  *Id.*, quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988).

Plaintiff has offered nothing to make such a showing here.  He claims that "[t]he Department of Corrections has a custom, policy, and practice of overdetaining inmates past their court ordered release date," Compl. ¶ 30, but he does not allege facts from which the Court could

conclude that defendant Smith "had actual or constructive knowledge of past transgressions or that [he was] responsible for or aware of 'clearly deficient' training" of the unnamed corrections officers that were allegedly responsible for his unlawful detention. *See Int'l Action Ctr.*, 820 F.2d at 28. In the absence of any factual allegations from which the Court could conclude that defendant Smith himself acted unlawfully, plaintiff's section 1983 claim against defendant Smith in his individual capacity will be dismissed.

**B.      Plaintiff's false imprisonment claim against defendant Smith will be dismissed.**

For many of the same reasons, plaintiff's claim in Count II that defendant Smith caused him to be falsely imprisoned will be dismissed. Plaintiff does not offer any facts from which the Court could conclude that defendant Smith was involved in, or even aware of, plaintiff's alleged overdetention and false imprisonment.

To state a claim for false imprisonment, a plaintiff must allege "(1) that [the defendant] detained or restrained the plaintiff against [his] will within the boundaries fixed by [the defendant], and (2) the unlawfulness of the restraint." *Cotton v. District of Columbia*, 541 F. Supp. 2d 195, 205 (D.D.C. 2008), citing *Edwards v. Okie Dokie, Inc.*, 473 F. Supp. 2d 31, 44 (D.D.C. 2007). Plaintiff has adequately pled that the restraint was unlawful, because he was ordered released as of March 18, 2014, but was not freed until April 10, 2014. Compl. ¶¶ 18–19. But he fails to allege that defendant Smith himself "detained or restrained" him against his will; in fact, he states that he "was falsely imprisoned by correction officers John Does 1–10," *id.* ¶ 37, and not by defendant Smith or even "Defendants" generally, as he alleges throughout the complaint with regard to his other claims. In other words, the complaint lacks any allegations – other than general, conclusory statements regarding defendant Smith's position and responsibility as warden – that would tend to show that he played any role in detaining plaintiff past his court-ordered release date.

To the extent that plaintiff purports to base his false imprisonment claim against defendant Smith on the conduct of the unnamed corrections officers, for which plaintiff asserts defendant Smith is responsible, *see* Compl. ¶ 9, he cannot do so.  *See, e.g.*, *King v. Kidd*, 640 A.2d 656, 666 (D.C. 1993) (holding that "as a matter of law only the employer, the District of Columbia, could be held liable for the tortious acts of one of its employees," and that the supervisory employees could not be held liable).  Thus, the Court finds that plaintiff has failed to state a claim for false imprisonment against defendant Smith, and it will dismiss Count II against him.

### C.      Plaintiff's negligence claims against defendant Smith will be dismissed.

"In the District of Columbia, as elsewhere, '[t]o establish negligence a plaintiff must prove a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, and damage to the interests of the plaintiff, proximately caused by the breach.'"  *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 907 (D.C. Cir. 2006), quoting *District of Columbia v. Beretta, USA, Corp.*, 847 A.2d 1127, 1134 n.2 (D.C. 2004).

In support of his negligence claim in Count III, plaintiff alleges that "Defendants were negligent in performing their duties and failed . . . to properly and fully discharge their responsibilities" in the following ways:

a.   Failing to investigate [plaintiff's] claims that he was ordered to be released and th[at] he was unlawfully detained;

b.   Misplacing and/or misfiling [plaintiff's] release order;

c.   Failing to process [plaintiff's] release;

d.   Failing to maintain a system to prevent overdetention of inmates;

e.   Failing to act on a court order;

f.   Failing to properly train and supervise corrections officers to process release orders; and,

g.   Failing to release [plaintiff] on the same day of his court ordered release.

Compl. ¶ 42.

But as with his other claims, these conclusory allegations do not show that defendant Smith personally engaged in any action or committed any omission that resulted in or contributed to plaintiff's overdetention, or even that defendant Smith had any knowledge of plaintiff's predicament.  In other words, plaintiff has failed to show that defendant Smith personally breached any duty owed to plaintiff, or that any actions or omissions by defendant Smith were the proximate cause of his injury.   Rather, the complaint contains the sort of "unadorned, the defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678, that is not enough to state a plausible claim for relief against defendant Smith in his individual capacity.  *See, e.g.*, *Turner v. District of Columbia*, 532 A.2d 662, 675 (D.C. 1987) (affirming dismissal of negligence claims against supervisory officials in their individual capacities where "[t]he complaint alleged no facts suggesting personal involvement in this case by either of them," and because "as public officials they cannot be held liable in tort for the acts of their subordinates under a *respondeat superior* theory unless they directed or countenanced the tortious acts"), citing *Eskridge v. Jackson*, 401 A.2d 986, 989 (D.C. 1979); *see also Linares v. Jones*, No. 04-0247 (GK), 2007 WL 1601725, at *7 (D.D.C. June 4, 2007) (dismissing plaintiff's negligence claim against former mayor in his individual capacity "[i]n the absence of 'any factual indication that [the defendant] was connected in any way with the event[s] giving rise to the lawsuit'"), quoting *Eskridge*, 401 A.2d at 989.  Thus, for the same reasons that warrant the dismissal of plaintiff's other individual-capacity claims against defendant Smith, plaintiff's individual negligence claim against the warden in Count III will also be dismissed.

## CONCLUSION

Because the Court finds that plaintiff has failed to state a plausible claim against defendant Smith in his official or individual capacity, the motion to dismiss will be granted, and this case will proceed against the District of Columbia and the unnamed defendants.

A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE:  December 15, 2015