UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GREGORY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-CV-161 (ABJ) |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT THE DISTRICT OF COLUMBIA'S
ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant the District of Columbia (the District), by and through undersigned counsel, hereby responds to Plaintiff's Amended Complaint as follows:

**FIRST DEFENSE**

The Amended Complaint fails to state a claim upon which relief may be granted against the District.

**SECOND DEFENSE**

In response to the numbered allegations of the Amended Complaint, the District responds as follows: [1]

**PRELIMINARY STATEMENT**

1.  The allegations in paragraph 1 are conclusions of fact and law of the pleader, and as such do not require a response. To the extent a response is required, the District denies the allegations.

2.  The District hereby responds as follows:

---

[1] For convenience and ease of reference only, the District utilizes the headings appearing in Plaintiff's Complaint in providing its response to the paragraphs contained therein.

## JURISDICTION AND VENUE

3.-5.   The allegations in paragraphs 3 through 5 are legal conclusions of the pleader which require no response.

## PARTIES AND RELEVANT PERSONS

6.-7.   The allegations in paragraphs 6 and 7 are conclusions of fact and law of the pleader, and as such do not require a response.

8.(a)-(b).   The District admits that Defendant Jeanette Myrick is employed by the District. The remaining allegations in paragraph 8 and its subparts are legal conclusions of the pleader that do not require a response. .

9.   The District admits that Defendant Jack Jones is employed by the District. The remaining allegations in paragraph 9 are the legal conclusions of the pleader that do not require a response.

10.   The allegations in paragraph 10 are the legal conclusions of the pleader which require no response.

## FACTS COMMON TO ALL COUNTS

11.   The District admits the allegations in paragraph 11.

12.-15.   The allegations in paragraphs 12 through 15 are conclusions of fact and law of the pleader, and as such do not require a response.

16.   The District admits the allegations in paragraph 16.

17.   The allegations in paragraphs 17 are the factual and legal conclusions of the pleader which require no response. The District admits that Plaintiff was released on April 10, 2014. The remaining allegations in paragraph 18 are the factual and legal conclusion of the pleader which requires no response.

18. The District admits that Plaintiff was released on April 10, 2014. The remaining allegations are the conclusions of law and fact of the pleader which require no response.

19. The District lacks sufficient information to either admit or deny the allegations in paragraph 19.

20. The District admits that Plaintiff was released on April 10, 2014. The District lacks sufficient information to admit or deny the remaining allegations in paragraph 20.

21. The allegations in paragraph 21 are conclusions of fact and law of the pleader, and as such do not require a response.

22. The District admits that Plaintiff's misdemeanor charges were dismissed on September 8, 2014. The remaining allegations in paragraph 22 are the legal conclusions of the pleader to which no response is required.

23.-24. The allegations in paragraphs 23 and 24 are the legal conclusions of the pleader, and as such do not require a response.

## COUNT I
### 42 U.S.C. § 1983 Claims for Violations of the Fifth Amendment to the United States Constitution
### (All Defendants)

25. The District repeats its responses to paragraphs 1 through 24, above as if fully set forth and incorporated herein.

26.-36. The allegations in paragraphs 26 through 36 are legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, the District denies the allegations.

## COUNT II
### Common Law False Imprisonment
### (All Defendants)

37.    The District repeats its responses to paragraphs 1 through 36, above, as if fully set forth and incorporated herein.

38.-40.  The allegations in paragraphs 38 through 40 are the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, the District denies the allegations.

## COUNT III

41.    The District repeats its responses to paragraphs 1 through 40, above as if fully set forth and incorporated herein.

42.    The allegations in paragraph 42are the legal conclusions of the pleader, and as such do not require a response.

43.-45.  The allegations in paragraphs 43 through 45 are the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, the District denies the  allegations in paragraphs 43 through 45.

## COUNT IV
### Negligent Supervision and Negligent Training
### (Defendant District of Columbia)

46.    The District repeats its responses to paragraphs 1 through 45, above as if fully set forth and incorporated herein.

47.-49.  The allegations in paragraphs 47 through 49 are the legal conclusions of the pleader, and as such do not require a response.

Further answering, the District denies all allegations of wrongdoing, including negligence, Plaintiff's intentional common law and constitutional tort claims.

**THIRD DEFENSE**

The District acted at all times relevant herein consistently with all applicable laws, rules, regulations, constitutional provisions and standards of care.

**FOURTH DEFENSE**

The District, its agents, servants and employees acting with the course and scope of their employment, have performed their obligations, if any, toward the Plaintiff in accordance with all applicable regulatory, statutory, constitutional and common law requirements.

**FIFTH DEFENSE**

Plaintiff may have failed to exhaust his administrative remedies and failed to comply with other mandatory filing requirements.

**SIXTH DEFENSE**

Plaintiff's claims may be barred by the doctrines of estoppel, laches, and unclean hands

**SEVENTH DEFENSE**

If Plaintiff was injured or damaged as alleged in the complaint, such injuries and/or damages resulted from Plaintiff's own willful, negligent, or reckless conduct.

**EIGHTH DEFENSE**

If Plaintiff was injured or damaged as alleged in the complaint, such injuries and/or damages may have resulted from the conduct of third parties whose negligence or intentional conduct constitutes a superseding and intervening cause of Plaintiff's injuries and damages, thus reducing or eliminating any reasonable damages against the District.

**NINTH DEFENSE**

If Plaintiff was injured or damaged as alleged in the Complaint, said injuries and/or damages resulted from Plaintiff's own contributory negligence and/or assumption of risk, thus reducing or eliminating any reasonable damages against the District.

### TENTH DEFENSE

The District actions or the actions of its employees as alleged in the Complaint were not the proximate cause of any injuries, losses, or damages to Plaintiff.

### ELEVENTH DEFENSE

All actions taken by the District relating to Plaintiff were necessary, reasonable, and pursuant to lawful authority.

### TWELFTH DEFENSE

Plaintiff may have failed to mitigate any damages he may have incurred..

### THIRTEENTH DEFENSE

Plaintiff may have failed to meet the applicable statute of limitations.

### FOURTEENTH DEFENSE

Plaintiff may have failed to comply with the mandatory notice requirements of D.C. Code § 12-309.

### FIFTEETH DEFENSE

Plaintiff's claims are barred by collateral estoppel and *res judicata.*

### SIXTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of absolute, official, and discretionary immunity.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred by sovereign immunity and/or the public duty doctrine.

### EIGHTEENTH DEFENSE

The District's alleged conduct cannot give rise to any claim, as any conduct undertaken was privileged.

### NINETEENTH DEFENSE

Plaintiff's claims do not rise to the level of constitutional violations for which he is entitled to relief.

### TWENTIETH DEFENSE

Plaintiff cannot establish municipal liability as no District custom, practice, or policy was the moving force behind his alleged constitutional injuries, and no final policymaker caused Plaintiff's claimed injuries.

### TWENTY-FIRST DEFENSE

The existence of probable cause may bar Plaintiff's false imprisonment claim.

### TWENTY-SECOND DEFENSE

The District reserves the right to amend its Answer to the Amended Complaint and to raise any additional defenses, which the evidence in discovery may reveal.

### SET-OFF

The District asserts a set-off against any judgment rendering against it for all payments and other benefits provided to or on behalf of Plaintiff, including but not limited to all funds and services provided to Plaintiff through public assistance, including Medicaid, Medicare, or other sources.

### JURY DEMAND

The District requests a trial by jury on all issues so triable.

Date: May 5, 2016                                Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Patricia A. Oxendine
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, Civil Litigation Division, Section I

/s/ Michael K. Addo
MICHAEL K. ADDO
D.C. Bar No. 1008971
ALICIA M. CULLEN
D.C. Bar No. 1015227
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, Suite 630 South
Washington, DC 20001
Phone:  (202) 724-6539 (direct); (202) 442-9840 (direct); (202) 727-6295 (main)
Fax:  (202) 741-0585; (202) 715-7721
E-mail:  michael.addo@dc.gov; alicia.cullen@dc.gov

*Counsel for Defendant District of Columbia*