UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GREGORY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-0161 (ABJ) |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendant District of Columbia moved to compel the production of certain signed authorization forms in this matter. Def.'s Mot. to Compel Signed Authorizations [Dkt. # 55] ("Def.'s Mot."). Plaintiff Gregory Smith opposed the motion, insisting that defendant only recently claimed it was entitled to such authorizations, and that it does not have a right to these documents since discovery has been closed for over ten months. Pl.'s Opp. to Def.'s Mot. [Dkt. # 57] ("Pl.'s Opp."). After considering the parties' pleadings, the Court will grant defendant's motion.

Defendant propounded Requests for Production ("RFPs") upon plaintiff in April 2015 specifically requesting that plaintiff execute medical, tax, employment, income, and insurance authorization forms. *See* Def.'s Mot. at 1; Ex. A to Def.'s Mot. [Dkt. # 55-1]. In his discovery responses, plaintiff agreed to produce an Authorization for Use or Disclosure of Employment, Income, and Insurance Information Form without objection. *See* Def.'s Mot. at 1; Resp. to RFP 6, Ex. A to Def.'s Mot. Although plaintiff objected to providing the medical and tax releases that

were requested, he agreed to produce those authorizations as long as they were limited to a five-year period.[1]  *See* Def.'s Mot. at 1; Resps. to RFP 4–5, Ex. A to Def.'s Mot.

Plaintiff has since provided an authorization for medical records, *see* Pl.'s Opp. at 1, but has refused to produce authorizations as to his taxes, employment, income, and insurance.  Plaintiff contends that because defendant did not raise any dispute as to his compliance with defendant's discovery requests after he produced paystubs and IRS Form W-2s, defendant has no right to additional documents now that discovery has closed.  Pl.'s Opp. at 1–2.  Moreover, plaintiff asserts that this is the "first time" that defendant "claimed it was entitled" to "authorization[s] allowing it to obtain any information relating to Mr. Smith's employment, income, taxes, and insurance."  *Id.* at 2.

But defendant requested the information as early as April 2015.  Plaintiff agreed to produce the authorization forms, not only in his written discovery responses, but also during the status conference held before the Court on November 4, 2016 when defendant informed the Court and

---

1        The Court notes that plaintiff apparently responded to defendant's fifth RFP seeking an Authorization for the Release of Tax Records from the past fifteen years by copying his response to defendant's fourth RFP seeking an authorization form for all of plaintiff's medical and hospital records for the past ten years.  *See* Resps. to RFP 4–5, Ex. A to Def.'s Mot.  But because plaintiff objected to the fifth RFP on the grounds that it was "overbroad by seeking *tax* records," the Court will assume that plaintiff's response contains a typographical error where it states that plaintiff "will complete and sign the *medical* authorization for a five year period."  *See* Resp. to RFP 5, Ex. A to Def.'s Mot. (emphasis added).  In any event, plaintiff does not challenge defendant's assertion that plaintiff agreed through his discovery response to provide a tax authorization for a five-year period.  *See generally* Pl.'s Opp.

plaintiff that it did not appear to have the promised documents.[2]  *See* Def.'s Mot. at 1; Min. Entry (Nov. 4, 2016); Draft Tr. of Hr'g, *Smith v. District of Columbia*, No. 15-161 (D.D.C. Nov. 4, 2016) ("Draft Hr'g Tr.").

For those reasons, it is hereby

**ORDERED** that defendant's Motion to Compel [Dkt. # 55] is **GRANTED**.  By February 6, 2017, plaintiff shall provide to defendant an Authorization for the Release of Tax Records for the last five years, as well as an Authorization for Use or Disclosure of Employment, Income, and Insurance Information.

**SO ORDERED**.

*/s/ Amy B. Jackson*

AMY BERMAN JACKSON
United States District Judge

DATE:  January 11, 2017

---

[2]  The Court's review of the transcript confirms that plaintiff clearly agreed to provide all of the requested authorizations, not just those related to medical releases.  Although the Court did ask counsel certain follow-up questions related to the medical information that had been produced, the discussion stemmed from defense counsel's request for "plaintiff to complete various authorizations, including medical, mental health, employment insurance, and income authorizations."  Draft Hr'g Tr. 3:19–24.  Counsel for plaintiff informed the Court that he had "no objection to it" and that in the "interest of moving the case along" plaintiff would "provide releases for five years."  *Id.* at 4:24–5:1.  The Court ultimately instructed defense counsel to "provide [plaintiff] with copies of what you need him to sign."  *Id.* at 5:11–14.