# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GREGORY SMITH, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 15-0161 (ABJ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| Defendants. | ) | |

## ORDER

In light of the matters discussed at the status conference held on October 18, 2018, the Scheduling Order issued on July 26, 2018 is hereby revised as follows:

1. The Joint Pretrial Statement will now be due on December 10, 2018.

2. The pretrial conference is scheduled for February 14, 2019 at 10:00 am.

3. A bench trial in this matter is scheduled to begin at 9:30 am on February 25, 2019.

## JOINT PRETRIAL STATEMENT

The Joint Pretrial Statement and the binders containing exhibits and deposition excerpts described in the July 26 Order will be due on December 10, 2018. The Joint Pretrial Statement must include the items set forth in the July 26 Order, with the following changes:

The parties are still expected to meet and confer in an effort to agree on deposition excerpts to be submitted to the Court. On December 10, they must jointly submit only one excerpted deposition "miniscript" transcript for any witness. Any excerpts on which the parties agree need not be highlighted in any fashion; excerpts proposed by either party and objected to by the other must be highlighted or bracketed in color, and the Joint Pretrial Statement must list the grounds for any objection, stated succinctly.

The parties must also each submit a written opening submission, not to exceed 10 pages, on December 10. Since the legal standards were fully briefed at the summary judgment stage, the purpose of these submissions will be to organize the evidence for the Court and specify which exhibits and deposition excerpts are being relied upon in connection with each factual issue to be resolved. Plaintiff must identify the particular exhibits and excerpts of testimony he is introducing to meet his burden to establish each of the disputed elements of his section 1983 claim: whether the defendant's conduct was so egregious as to violate plaintiff's due process rights; the existence of a custom or practice concerning the receipt of paperwork through non-electronic means; and whether that practice caused the unlawful overdetention of the plaintiff. Plaintiff may also briefly describe any additional testimony he plans to introduce on those subjects. Defendant may identify those issues for which it contends the plaintiff's evidence will fall short, and it must identify the exhibits and testimony it is introducing to disprove plaintiff's theory, if any.

The exhibits and deposition excerpts need not be summarized or characterized in the submissions; the parties should simply list the exhibits or transcript excerpts relevant to each element of plaintiff's claim. As with any opening statement, the submissions should be factual and not argumentative, and if there are exhibits or deposition excerpts in the exhibit binders that are not referenced in the opening statements, the parties should ask themselves why they have been included at all.

## **SETTLEMENT**

Counsel are expected to continue to evaluate their respective cases for settlement purposes, and the parties may notify chambers at any time if they jointly conclude that the case would benefit

from the assistance of the Court's Mediation Program or a Magistrate Judge. If the case settles in whole or in part, plaintiff's counsel shall advise the Court by promptly filing a stipulation.

**SO ORDERED**.

AMY BERMAN JACKSON
United States District Judge

DATE: October 18, 2018