UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY SMITH,

    Plaintiff,

    v.

DISTRICT OF COLUMBIA,

    Defendants.

Civ. No 1:15-cv-00161-ABJ

_____

**PLAINTIFF'S RESPONSE TO THE DISTRICT OF COLUMBIA'S
BENCH MEMORANDUM RE MONELL LIABILITY**
_____

As the Court correctly noted in its Memorandum Opinion on summary judgment, "[t]o state a claim for relief against a municipality under section 1983, a plaintiff must satisfy two requirements: she must plead 'a predicate constitutional violation' and that 'a custom or policy of the municipality caused the violation.'" *Blue v. Dist. of Columbia*, 811 F.3d 14, 18 (D.C. Cir. 2015); *see also Smith v. Dist. of Columbia*, 306 F. Supp. 3d 223, 241 (D.D.C. 2018). The District incorrectly argues that a third element of "deliberate indifference" is also required. Def. Bench Mem. at 2. Not so.

The law in this Circuit is clear that there are four ways in which a plaintiff may establish liability against a municipality under 42 U.S.C. § 1983:

> (1) "the explicit setting of a policy by the government that violates the Constitution," (2) "the action of a policy maker within the government," (3) "the adoption through a knowing failure to act by a policy maker of actions by his subordinates that are so consistent that they have become 'custom,' " or (4) "the failure of the government to respond to a need (for example, training of employees) in such a manner as to show 'deliberate indifference' to the risk that not addressing the need will result in constitutional violations."

1

*Id.* at 18-19 (*citing Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003)). Contrary to the District's argument (and as the Court rightly noted at the pretrial conference), deliberate indifference ***only applies to failure to train and/or failure to supervise cases brought under 42 U.S.C. § 1983*** (*e.g.* the fourth prong of *Baker*).[1]

Indeed, the cases cited by the District all fall under *Baker*'s fourth prong and are mostly failure to train cases. *See City of Canton v. Harris,* 489 U.S. 378, 390 (1989) (failure to train); *Bd. of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 407-410 (1997) (deliberate indifference is required in failure to train cases); *Connick v. Thompson,* 563 U.S. 51 (2011) (failure to train); *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 129 (2d Cir. 2004) (failure to train) and (explaining why failure to train cases require a showing of "deliberate indifference"); *Jones v. Horne,* 634 F.3d 588, 602 (D.C. Cir. 2011) (listing *Baker*'s four prongs which can establish municipal liability); *Berry v. Baca*, 379 F.3d 764, 771 (9th Cir. 2004) (challenged policy was a "policy of inaction" akin to a failure to train case under *Baker*'s fourth prong) (citing to *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)); *Page v. Mancuso*, 999 F. Supp. 2d 269, 283-286 (D.D.C. 2013) (discussing at length the difference between *Baker*'s third (*e.g.* custom or practice) and fourth (*e.g.* failure to train / deliberate indifference) prongs of municipal liability); *Turner v. Corrections Corporation of America,* 56 F. Supp. 3d 32, 35-36 (D.D.C. 2014); (analyzing three separate claims brought under *Baker*'s second (action of a policymaker), third (custom or practice)

---

[1] The "deliberate indifference" requirement in these cases is obvious because these theories of liability seek to hold a municipality liable under 42 U.S.C. § 1983 for the constitutional violations caused by conduct by employees rather than a custom or practice. Deliberate indifference is necessary under the fourth prong of *Baker* to avoid turning *Monell* liability into "*respondeat superior* liability on municipalities." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 392 (1989).

and fourth (failure to train / deliberate indifference) prongs of municipal liability).[2] The District does not cite to a single case to support its faulty argument that every *Monell* claim requires a showing of deliberate indifference.

Because Plaintiff is proceeding to trial under the third prong of *Baker*,[3] Plaintiff is not required to prove that the District "failed to respond to a need" "in such a manner as to show 'deliberate indifference'…," which is required under the fourth prong. *Blue,* 811 F. 3d at 19. "Section 1983 plaintiffs have several ways to allege a municipal policy, each with its own elements." *Id.* at 20. The District's attempt to import a "deliberate indifference" element into the custom or practice theory of *Monell* liability has no basis in existing, well-settled law, and the Court should reject the District's invitation to create a new, unrequired element under the third prong of *Baker*.

Dated: February 21, 2019

                                            Respectfully submitted,
                                            KLAPROTH LAW PLLC

                                            /s/ Brendan J. Klaproth
                                            Brendan Klaproth (D.C. Bar No. 999360)
                                            Jesse C. Klaproth (D.C. Bar No. PA0063)
                                            406 5th Street NW, Suite 350
                                            Washington, DC 20001
                                            Tel: 202-618-2344
                                            Fax: 202-618-4636
                                            Email: Bklaproth@klaprothlaw.com

---

[2] The remaining case cited by the District does not mention the term "deliberate indifference." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 128 (1988).

[3] *Smith v. Dist. of Columbia*, 306 F. Supp. 3d 223, 249-52 (D.D.C. 2018); *see also* Order (Oct. 18, 2018) (identifying the elements Plaintiff is required to prove at trial) [ECF No. 97]; *see also* Jt. Status Rep. (July 12, 2018) (stating that Counts II-IV are settled and that "Count I (42 U.S.C. 1983) will proceed to a bench trial against the District of Columbia") [ECF No. 89].

LAW OFFICE OF DAVID AKULIAN

/s/ David Akulian
David Akulian #1005750
406 5th St. NW #201
Washington, D.C. 20001
Tel: 202-505-2113
Fax: 202-204-5291
info@NotGuiltyInDC.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served a true and correct copy of the foregoing through the court's electronic filing system on counsel of record for all parties in this case.

Dated: February 21, 2019                    /s/ Brendan J. Klaproth