UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY SMITH,<br><br>*Plaintiff*<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>*Defendants.* | Civil Action No. 1:15-cv-00161 (ABJ) |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant District of Columbia, through counsel, submits the following notice of supplemental authority in support of its Proposed Findings of Fact and Conclusions of Law [117]: *Hurd v. District of Columbia*, 2019 WL 6728623 (D.D.C. December 11, 2019) (*passim*). *Hurd* supports the District's position that prongs three and four of *Baker* are two sides of the same coin; they are not conceptionally different but merely suggest two alternative models for demonstrating that a municipality maintains an unconstitutional custom or practice. [117 at 12]. *Hurd* states:

> These arguments conflate the third and fourth prongs of municipal policy liability described in *Baker*—they invoke both the consistent adoption of subordinates' acts known as "custom," as well as policymakers' failure to act in the face of a known need, *i.e.*, "deliberate indifference." *See Baker*, 326 F.3d at 1306. The conflation of these two prongs is understandable, as they both focus on essentially the same three questions: (1) has there been a persistent pattern of similar constitutional violations; (2) was the District on notice of this pattern of violations; and (3) did the District nevertheless fail to act, thus displaying deliberate indifference to the possibility of further similar violations. While this has also been formulated as a two-step test—did the District have notice of constitutional violations and make a deliberate choice not to solve the problem (*see* Def.'s Mot. at 11–12 [ECF 38] (citing *Connick*, 563 U.S. at 61))—this two-step test is substantively no different

> since it combines similar constitutional violations and notice into one step. *See Connick*, 563 U.S. at 62 (requiring "[a] pattern of similar constitutional violations"); *see also Egudu v. District of Columbia*, 72 F. Supp. 3d 34, 41 (D.D.C. 2014) (requiring evidence that "the municipality's employees engaged in a persistent or regular pattern of conduct that gave rise to the alleged constitutional violations" (emphasis added)); *Olaniyi v. District of Columbia*, 876 F. Supp. 2d 39, 49 (D.D.C. 2012) (concluding that there could be no notice when the only evidence presented was of a "history of general problems" with the District's medical care).

*Hurd* at *5.

| | |
|---|---|
| Date:  December 120, 2019 | Respectfully submitted, |

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Michael K. Addo*
MICHAEL K. ADDO [1008971]
Chief, Civil Litigation Division, Section IV

*/s/ Robert A. DeBerardinis, Jr.*
ROBERT A. DEBERARDINIS, JR. [335976]
Senior Assistant Attorney General
ALICIA M. CULLEN [1015227]
Chief, Civil Litigation Division, Section III
441 Fourth Street, NW, Suite 630S
Washington, DC 20001
Phone:  (202) 724-6642; (202) 442-9840
Fax:  (202) 741-8895; (202) 715-7721
robert.deberardinis@dc.gov; alicia.cullen@dc.gov
*Counsel for Defendant District of Columbia*