UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY SMITH,

    Plaintiff,

    v.

DISTRICT OF COLUMBIA, *et al.*

    Defendants.

Civ. No 1:15-cv-00161-ABJ

**PLAINTIFF'S BRIEF IN RESPONSE TO OCTOBER 28, 2020 MINUTE ORDER**

Plaintiff submits this brief in response to the Court's Order on October 28, 2020. The District of Columbia ("District") argues that, during the examination of Jack Jones at trial, "Plaintiff advanced a theory that the District's use of the MyJUSTIS system, and its delay in transmitting information, was the cause of his overdetention." *See* ECF 117 at 18. The District urged the Court to "disregard this new theory." *Id.* The factual evidence here, however, was: (1) disclosed **by the District** during discovery; (2) relied upon **by the District** on summary judgment; (3) identified in the Joint Pretrial Statement [ECF 98], Plaintiff's Written Opening Statement [ECF 99], and Deposition Designations to be Read into Evidence [ECF 109]; and (4) presented at trial *without objection*. There is no legal or factual basis for the Court to disregard relevant evidence that was disclosed during discovery and that was admitted at trial without objection.

**I.    The District's Failure to Timely Raise an Objection to the Evidence Constitutes a Waiver**

The District's untimely plea to the Court, after trial, to "disregard" a "theory" based on the evidence must be rejected for one simple reason—the District never objected at trial to the admissibility of this evidence. *See* Tr. (Feb. 25, 2019) 44:3-61:15. Indeed, Plaintiff elicited the testimony from Jack Jones without any objection from the District. *Id.* The District also never

1

objected to the other admitted evidence establishing the known delay in the MyJUSTIS system—Plaintiff's designation of Jones' and Robilyn Brown's deposition testimony, and Trial Exhibit P-6 (the District's own policy, acknowledging the delay in the MyJUSTIS system). *See* Jt. Pretrial Statement at 6-8 (no objection to Ex. P-6) and 11 (no objection to deposition designations) [ECF 98]; *see also* Pl.'s Dep. Designations at 2-3 (designating Jones Dep. 48:14-49:19, 51:15-20, 55:16-22; and Brown Dep. (Dec. 2015) 24:09-25:21) [ECF 109].[1] Inconsistently, the District has never "urged" the Court to disregard Exhibit P-6 or the deposition testimony by Jones and Brown regarding delays with MyJUSTIS. This is record evidence before the Court.

Because the District failed to object to the admissibility of this evidence, it has waived any post-trial argument that the evidence, which has already been admitted, should now be precluded *post hoc*. *See* Fed. R. Evid. 103(a)(1)(A); *see also Kirkland v. D.C.*, 70 F.3d 629, 633 (D.C. Cir. 1995) (trial by implied consent where party failed to object to evidence). This result is also consistent with this Court's post-trial ruling against Plaintiff. *See* Minute Order (June 10, 2019).[2]

In addition, the District not only failed to object at trial, it also never moved to strike the evidence; it never moved for a continuance, a mistrial, or a new trial. And, significantly, the District did not even cross-examine Jones on this portion of his testimony despite having a full

---

[1] The District later objected at trial to the deposition designations of Jones and Brown generally by arguing they were not "high-ranking officials" and so the depositions could not be admitted as a statement of a party opponent. But this argument was rejected by the Court. Tr. (Feb. 28, 2019) 4:18-5:8. Importantly though, the District never objected to the Jones and Brown deposition designations on any other basis.

[2] On June 10, 2019, the Court denied Plaintiff's Motion to Strike the testimony of Myrick, finding that the testimony "***was elicited by the defense on direct and came in evidence without objection by the plaintiff; plaintiff had a full ability to cross examine the witness and explore any and all inconsistencies between her testimony and prior testimony; and plaintiff did not seek to strike or exclude the testimony of the witness after she testified***." Minute Order (June 10, 2019) (emphasis added). The Court's ruling has equal application to the District's untimely request for the Court to "disregard" evidence concerning known deficiencies in MyJUSTIS that caused Plaintiff's overdetention.

2

opportunity to do so. Tr. (Feb. 25, 2019) 66:8-67:11. The factual evidence was relevant, it was admitted, and the District did not object to its admissibility.[3]

Moreover, the District's claim that it was somehow prejudiced or surprised by this evidence is false. The deficiencies identified in the MyJUSTIS system were elicited by the District's own questioning of Jones *at his deposition*. Jones Dep. 48:3-49:19, 51:15-20, 55:16:20. Jones' deposition testimony was also consistent with the District's own policy (Ex. P-6) that was disclosed by the District in discovery, as well as Brown's deposition testimony. Brown Dep. (Dec. 2015) 24:09-25:21. All of this evidence was identified by Plaintiff in his pretrial disclosures and admitted into evidence without objection.[4] The District's suggestion that it has been prejudiced or surprised by this evidence strains credulity.

Further, a Rule 59 motion for a new trial is the proper relief for the District's objection that the admission of the MyJUSTIS evidence was an "unfair surprise." *See Banks v. Perdue*, 298 F. Supp. 3d 94, 109-110 (D.D.C. 2018). But to bring a Rule 59 motion, the District would have had to move for a continuance at trial – it did not. *Sedgwick v. Giant Food, Inc.*, 110 F.R.D. 175, 176–77 (D.D.C.1986) ("A number of courts have determined that moving for a continuance is a prerequisite to obtaining a new trial on the ground of unfair surprise."); *Hancock v. Washington Hosp. Ctr.*, 13 F. Supp. 3d 1, 9 (D.D.C. 2014), *aff'd*, 618 F. App'x 4 (D.C. Cir. 2015). Any prejudice that the District now claims (there is none), could have been mitigated had the District moved to

---

[3] The District's failure to timely object or move to strike the evidence prohibits the District from later claiming that the Court's admission of the evidence was "error". Fed. R. Evid. 103(a)(1)(A)-(B).

[4] *See* Jt. Pretrial Statement at 11 (designating Jones Dep. 48:14-49:19, 51:15-20, 55:16-22; and Brown Dep. (Dec. 2015) 24:09-25:21 as read-in, without objection from the District) [ECF 98]; *see also* Pl.'s Written Opening at 4-7 (identifying Jones Dep. 48:14-49:19, 51:15-20, 55:16-22; and Brown Dep. (Dec. 2015) 24:09-25:21 as proof for *Monell* claim) [ECF 99]; *see also* Pl.'s Deposition Designations 2-3 (designating Jones Dep. 48:14-49:19, 51:15-20, 55:16-22; and Brown Dep. (Dec. 2015) 24:09-25:21 as read-in) [ECF 109].

strike the evidence or requested a continuance. *Sedwick*, 110 F.R.D. at 177. The District failed to take any of these necessary steps. The evidence is properly admitted.

**II.       Plaintiff Presented Evidence at Trial in Support of his Claim**

The District asks the Court to disregard factual evidence that was properly admitted at trial to which the District offered no objection. *See* ECF 117 at 18. There is no possible basis upon which this relevant, factual evidence could now be excluded.[5] So, the District resorts to arguing that the factual evidence is a new "theory." But the deposition and trial testimony of Jones and Brown, and the admission of P-6 are relevant facts, not theories. The facts were not conjured up by Plaintiff. They are not arguments. The facts regarding MyJUSTIS are an inextricable part of the District's process/custom for releasing a prisoner.

Moreover, there was nothing new about the facts showing delays in MyJUSTIS, which were established in the pretrial deposition testimony of Jones and Brown, as well in the pre-marked Exhibit P-6. Indeed, Jones' deposition testimony regarding MyJUSTIS was in response to questioning by the District's own attorney. The District was not surprised by the testimony of Jones at trial because Jones offered the same testimony during his deposition (as did Brown). The Court should not turn a blind eye to facts that are essential to explaining why Plaintiff was overdetained simply because the District does not like where those facts lead.

In addition, the District's attempt to dichotomize between factual evidence and "theories" is inappropriate because the law makes no such distinction. For example, the Third Circuit addressed this artificial distinction and found reversible error where a district court "unilaterally

---

[5]       Once again, the District completely mischaracterizes the holding of a case. *See* Tr. (Feb. 28, 2019) at 20:11-22:25. The nonbinding decision by the D.C. Court of Appeals in *Daniels v. Beeks,* 532 A.2d 125, 128 (D.C. 1987), did not, as the District contends, "affirm the trial court's denial of appellant's motion to modify pretrial order to raise new theory." ECF 117 at 19. It held the exact opposite. *Daniels* **reversed** the trial court for denying the appellant's motion to modify its pretrial statement. *Daniels*, 532 A.2d at 128.

divide[s]" a plaintiff's "42 U.S.C. § 1983 municipal liability claim into three theories" and excludes overlapping evidence because it did not fit with a theory of liability. *Forrest v. Parry*, 930 F.3d 93, 98, 104-105 (3d Cir. 2019), *cert. denied sub nom*. *City of Camden, New Jersey v. Forrest*, 140 S. Ct. 902 (2020). Here, the District is asking the Court to do exactly that – exclude otherwise admissible evidence because the District categorizes that evidence as part of a theory and not evidence. The law provides no basis for drawing such arbitrary lines of admissibility.

MyJUSTIS was an integral, yet flawed step in the District's custom of receiving release orders from the Superior Court. On summary judgment, the District argued "LIEs are able to access release orders through an e-system known as MyJustis which provides access to the information contained on the Superior Court's e-system CourtView." Def.'s Reply at 7 [ECF 83]. MyJUSTIS is necessarily one of the multiple methods by which DOC receives release orders. *See* ECF 115-1 at ¶¶ 18-37. Any evidence relating to deficiencies in the MyJUSTIS system is relevant to the issue tried in this case—the District's "custom or practice of receiving release orders by a number of means that caused" the violation of Plaintiff's constitutional rights. *See* Order at 1 [ECF 85]; *see also* Opinion at 34 ("haphazard process of receiving release orders, through a variety of means and in a variety of forms…") [ECF 86]. The District's custom for receiving release orders that relied upon a system with a known delay in uploading the court-issued release orders to MyJUSTIS was the proximate cause of Plaintiff's overdetention. ECF No. 115-1 at ¶¶ 51-64. These are facts, not theory, and cannot be ignored simply because it renders the District liable.[6]

---

[6] The District was on notice of Plaintiff's claim that the District's custom of processing release orders caused Plaintiff's overdetention. Am. Compl. at ¶ 30(b)-(f), and (j). "Notice" of the claim is all that is required. *Banks*, 298 F.Supp.3d at 109. Moreover, under Rule 15(b)(2), the evidence presented at trial of the known delays in the MyJUSTIS system "must be treated in all respects as if raised in the pleadings" as the issue was tried by "implied consent." *Kirkland* 70 F.3d at 633-635 (applying Rule 15(b) to both pleadings and pretrial orders); *see Blackwell v. Regal Cab Co.*, 316 F.2d 398, 399-400 (D.C. Cir. 1963) (allowing new defense theory at trial); *see also* Fed. R. Civ. P. 15(b)(2).

Dated:  November 10, 2020                    Respectfully submitted,

                                                  KLAPROTH LAW PLLC

*/s/ Brendan J. Klaproth*
Brendan J. Klaproth (D.C. Bar No. 999360)
Jesse C. Klaproth (D.C. Bar No. PA0063)
2141 Wisconsin Ave NW
Suite M3
Washington, DC 20007
Tel:   202-618-2344
Fax:  202-618-4636
Email: Bklaproth@klaprothlaw.com

LAW OFFICE OF DAVID AKULIAN

*/s/ David Akulian*
David Akulian #1005750
840 1st Street NE
Floor 3
Washington, DC 20002
Tel: 202-505-2113
info@NotGuiltyInDC.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served a true and correct copy of the foregoing through the court's electronic filing system on counsel of record for all parties in this case.

Dated: November 10, 2020                         /s/ Brendan J. Klaproth